DANA M.O. VIOLA       6095
Corporation Counsel

DANIEL M. GLUCK     7959
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaiʻi  96813
Telephone: (808) 768-5233
Facsimile:  (808) 768-5105
E-Mail:  daniel.gluck@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHN TERRY, MICHAEL A. COBB JR., <br><br> Plaintiffs, <br><br> vs. <br><br> HONOLULU CITY AND COUNTY, <br><br> Defendant. | CIVIL NO. CV24-00248 JAO/RT <br><br> DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON JUNE 26, 2024; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE <br><br><br> Trial Date:  None |

DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO
FIRST AMENDED COMPLAINT FILED ON JUNE 26, 2024

Defendant City and County of Honolulu (City) answers the First Amended

Complaint (entitled "Verified Amended Complaint") filed on June 26, 2024, ECF

No. 19 (Complaint) as follows:

<u>FIRST DEFENSE</u>

1.      Plaintiffs fail to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

**ADMISSIONS AND DENIALS**

2.      This Answer uses the headings in Plaintiffs' Complaint for organizational purposes only.  To the extent there are allegations contained therein, the City denies those allegations.

3.      The Complaint uses footnotes, and the City will treat each footnote as included in the numbered paragraph in which the footnote appears.  All allegations in all footnotes are denied unless expressly admitted.

**PARTIES**

4.      With respect to the allegations contained in paragraph 1 of the Complaint, the City admits that John Terry is a natural person, an adult, and a United States citizen.  The City further admits that Plaintiff Terry has identified himself as male.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  In addition, the remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

5.      With respect to the allegations contained in paragraph 2 of the Complaint, the City admits that Michael A. Cobb Jr. is a natural person, an adult,

and a United States citizen.  The City further admits that Plaintiff Cobb has identified himself as male.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  In addition, the remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

6.      With respect to the allegations contained in paragraph 3 of the Complaint, the City admits the first and last sentences.  The remainder of this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

## JURISDICTION AND VENUE

7.      With respect to the allegations contained in paragraph 4 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

8.      The City admits the allegations contained in paragraph 5 of the Complaint.

## INTRODUCTION

9.      With respect to the allegations contained in paragraphs 6, 7, and 9 of the Complaint, the Complaint and the Supreme Court's ruling speak for themselves, such that no response is required.  To the extent a response is required,

3

denied.  These paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  To the extent there are any other allegations in these paragraphs, denied.

10.    With respect to the allegations contained in paragraph 8 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

**STATEMENT OF LAW**

11.    With respect to the allegations contained in paragraphs 10 through 32 of the Complaint, the courts' rulings and the Constitution speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.  The allegations in these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  As to any remaining allegations, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that

violates any source of law applicable to the instant case.

12.     With respect to the allegations contained in paragraphs 33, 34, and 36 of the Complaint, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  These paragraphs also contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

13.     With respect to the allegations contained in paragraph 35 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

14.     With respect to the allegations contained in paragraphs 37 to 41, the City admits that Plaintiff Terry was issued a License to Carry a concealed firearm on June 24, 2024, and that, as of that date, Plaintiff Terry was not legally prohibited from possessing firearms.  The City further admits that Plaintiff Cobb was issued a Permit to Acquire a firearm on May 2, 2024 and that, as of that date, Plaintiff Cobb

was not legally prohibited from possessing firearms.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  In addition, any remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  In addition, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

15.     With respect to the allegations contained in paragraphs 42 to 45 of the Complaint, the Supreme Court's opinion, the statutes, and the regulations and their effective dates speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  These paragraphs contain conclusion of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

16.     With respect to the allegations contained in paragraphs 46 and 47 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.  In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

17.     With respect to the allegations contained in paragraph 48 of the

Complaint, the City admits that the Honolulu Police Department promulgated administrative rules with effective dates in November 2022 and January 2024.  The City denies that any rules relevant to the instant case became effective on January 12, 2024.  The cited regulations speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.  This paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  In addition, the City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies all remaining allegations.

### Plaintiff JOHN TERRY

18.    With respect to the allegations contained in paragraph 49 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

19.    With respect to the allegations contained in paragraphs 50, 51, and 52 of the Complaint, the Complaint speaks for itself, such that no response is required. To the extent a response is deemed required, denied.  The allegations are vague and ambiguous, and on that basis the allegations are denied.  These paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action,

custom, rule, or practice that violates any source of law applicable to the instant case.

20.     With respect to the allegations contained in paragraph 53 of the Complaint, the City admits that Plaintiff Terry is a U.S. citizen and that he has identified himself as male.  The City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies all remaining allegations.

21.     With respect to the allegations contained in paragraphs 54 to 58 of the Complaint, the City admits that Plaintiff Terry was issued a License to Carry a concealed firearm on June 24, 2024, and that, as of that date, Plaintiff Terry was not legally prohibited from possessing firearms.  The remaining allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied. Additionally, the City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.

22.     With respect to the allegations contained in paragraph 59 of the Complaint, the City admits that Plaintiff John Terry submitted application paperwork for a License to Carry a concealed firearm to the Honolulu Police Department on April 29, 2024, that the City did not require any additional forms or documentation from Plaintiff Terry himself after April 29 before issuing the

License on June 24, and that the City issued the License to Plaintiff Terry on June 24, 2024. To the extent there are any further allegations in this paragraph, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied. This paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. In addition, the City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.

23.    With respect to the allegations contained in paragraph 60 of the Complaint, denied.

24.    With respect to the allegations contained in paragraph 61 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations. Additionally, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

25.    With respect to the allegations contained in paragraph 62 through 70 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of any allegations made therein, and therefore denies all allegations. In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

26.     With respect to the allegations contained in paragraph 71 of the Complaint, denied.

27.     With respect to the allegations contained in paragraph 72 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of any allegations made therein, and therefore denies all allegations.

28.     With respect to the allegations contained in paragraph 73 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.  In addition, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

29.     With respect to the allegations contained in paragraph 74 of the Complaint, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

30.     With respect to the allegations contained in paragraph 75 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

31.     With respect to the allegations contained in paragraphs 76 to 77 of the Complaint, the City admits that Plaintiff Terry was issued a License to Carry a concealed firearm on June 24, 2024, and that, as of that date, Plaintiff Terry was not legally prohibited from possessing firearms.  The City has insufficient

knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations. Additionally, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

32.     With respect to the allegations contained in paragraph 78 of the Complaint, the City admits that Plaintiff Terry submitted application paperwork for a License to Carry a concealed firearm to the Honolulu Police Department on April 29, 2024 and that the City did not require any additional forms or documentation from Plaintiff Terry himself after April 29 before issuing the License on June 24. The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations. In addition, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. In addition, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

33.     With respect to the allegations contained in paragraph 79 of the Complaint, the City admits that Plaintiff Terry submitted application paperwork for a License to Carry a concealed firearm to the Honolulu Police Department on April

29, 2024.  As to all other allegations, denied.

34.     With respect to the allegations contained in paragraphs 80 and 81 of the Complaint, these paragraphs contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

35.     With respect to the allegations contained in paragraph 82 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

36.     With respect to the allegations contained in paragraph 83 of the Complaint, the City admits that Plaintiff John Terry submitted application paperwork for a License to Carry a concealed firearm to the Honolulu Police Department at 801 South Beretania Street on April 29, 2024.  The remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

37.     With respect to the allegations contained in paragraphs 84 and 85 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.  In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

38.     With respect to the allegations contained in paragraphs 86 to 93 of the Complaint, there is no one with a last name of "Correy" in the section of the Honolulu Police Department that processes applications relating to firearms, and on that basis, all allegations are denied.  To the extent any further response is required, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  In addition, the City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.

39.     With respect to the allegations contained in paragraph 94 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

## Plaintiff MICHAEL A. COBB JR.

40.     With respect to the allegations contained in paragraph 95 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

41.     With respect to the allegations contained in paragraphs 96 and 97 of the Complaint, the Complaint speaks for itself, such that no response is required. To the extent a response is deemed required, denied.  In addition, the allegations are vague and ambiguous, and on that basis the allegations are denied.  These paragraphs contain conclusions of law, rather than allegations of fact, to which no

response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

42.	With respect to the allegations contained in paragraph 98 of the Complaint, the City admits that Plaintiff Cobb is a U.S. citizen and that he has identified himself as male.  The City has insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore denies all remaining allegations.

43.	With respect to the allegations contained in paragraph 99 of the Complaint, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  This paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

44.	With respect to the allegations contained in paragraphs 100 to 115 of the Complaint, the City admits that, as of May 2, 2024, the date it issued a Permit to Acquire to Plaintiff Cobb, Plaintiff Cobb met all of the requirements for a Permit to Acquire a firearm and was not legally prohibited from possessing firearms.  The City further admits that Plaintiff Michael Cobb submitted application paperwork for a Permit to Acquire a firearm to the Honolulu Police Department at 801 South

14

Beretania Street on April 15, 2024.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  In addition, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

45.     With respect to the allegations contained in paragraph 116 and 117 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

46.     With respect to the allegations contained in paragraph 118 of the Complaint, the documents speak for themselves, such that no response is required. To the extent a response is deemed required, denied.

47.     With respect to the allegations contained in paragraph 119 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

48.     With respect to the allegations contained in paragraphs 120 to 122 of the Complaint, the City admits that the Honolulu Police Department issued a Permit to Acquire to Plaintiff Cobb on May 2, 2024.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

49.     With respect to the allegations contained in paragraphs 123 to 126 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.  In addition, the allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

50.     With respect to the allegations contained in paragraphs 127 and 128 of the Complaint, the City admits that, as of May 2, 2024, the date it issued a Permit to Acquire to Plaintiff Cobb, Plaintiff Cobb had met all of the requirements for a Permit to Acquire a firearm and was not legally prohibited from possessing firearms.  The City has insufficient knowledge or information as to the truth or falsity of any remaining allegations made therein, and therefore denies all remaining allegations.  In addition, the remaining allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.

51.     With respect to the allegations contained in paragraphs 129 to 130 of the Complaint, the City admits that Plaintiff Michael Cobb submitted application paperwork for a Permit to Acquire a firearm to the Honolulu Police Department on April 15, 2024.  The City admits that, as of May 2, 2024, the date it issued a Permit to Acquire to Plaintiff Cobb, Plaintiff Cobb had met all of the requirements for a Permit to Acquire a firearm and was not legally prohibited from possessing firearms.  The City has insufficient knowledge or information as to the truth or

16

falsity of any remaining allegations made therein, and therefore denies all

remaining allegations.  In addition, the remaining allegations in these paragraphs

are vague and ambiguous, and on that basis the allegations are denied.

      52.    With respect to the allegations contained in paragraphs 131 and 132 of

the Complaint, these paragraphs contain conclusions of law, rather than allegations

of fact, to which no response is required.  To the extent a response is deemed

required, denied.  The cited statutes and rules speak for themselves, such that no

response is required.  To the extent a response is deemed required, denied.

      53.    With respect to the allegations contained in paragraph 133 of the

Complaint, the City admits that it received Plaintiffs' Complaint, including Exhibit

8, such that the City currently possesses a copy of Exhibit 8.  To the extent there

are any remaining allegations in this paragraph, the allegations in this paragraph

are vague and ambiguous, and on that basis the allegations are denied.

      54.    With respect to the allegations contained in paragraphs 134 to 136 of

the Complaint, the City has insufficient knowledge or information as to the truth or

falsity of the allegations made therein, and therefore denies all allegations.  The

cited website speaks for itself, such that no response is required.  To the extent a

response is deemed required, denied.

### CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

      55.    With respect to the allegations contained in paragraph 137 of the

Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

56.    With respect to the allegations contained in paragraphs 138 to 140 of the Complaint, this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.  The cited case speaks for itself, such that no response is required.  To the extent a response is deemed required, denied.

57.    With respect to the allegations contained in paragraph 141 of the Complaint, the City admits that, as of May 2, 2024, the date it issued a Permit to Acquire to Plaintiff Cobb, Plaintiff Cobb met all of the requirements for a Permit to Acquire a firearm and was not legally prohibited from possessing firearms.  The City further admits that, as of June 24, 2024, the date Plaintiff Terry was issued a License to Carry a concealed firearm, Plaintiff Terry met all of the requirements for a License to Carry a concealed firearm and was not legally prohibited from possessing firearms.  The remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

18

58.     With respect to the allegations contained in paragraph 142 of the Complaint, the City admits that, as of the date of this Answer, neither Plaintiff Terry nor Plaintiff Cobb is prohibited from possessing firearms.  The remaining allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.

59.     With respect to the allegations contained in paragraph 143 of the Complaint, the allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  In addition, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore denies all allegations.

60.     With respect to the allegations contained in paragraphs 144 to 148 of the Complaint, these paragraphs contain conclusions of law and prayers for relief, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  The cited cases and statutes speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.  The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case.

## CLAIM FOR DECLARATIVE AND INJUNCTIVE RELIEF

61.     With respect to the allegations contained in paragraph 149 of the

Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

62. With respect to the allegations contained in paragraphs 150 to 154 of the Complaint, these paragraphs contain conclusions of law and prayers for relief, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case. The City denies that Plaintiffs are entitled to any relief. To the extent any allegations remain, denied.

**DECLARATORY JUDGMENT**

63. With respect to the allegations contained in paragraph 155 of the Complaint, the City incorporates by reference the answers to all previous paragraphs as if set forth here in full.

64. With respect to the allegations contained in paragraphs 156 to 161 of the Complaint, these paragraphs contain conclusions of law and prayer for relief, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied. The City denies that Plaintiffs were deprived of any right and further denies that the City has any policy, action, custom, rule, or practice that violates any source of law applicable to the instant case. The City

denies that Plaintiffs are entitled to any relief.  To the extent any allegations remain, denied.

## PRAYER FOR RELIEF

65.     The remaining paragraphs of the Complaint contain Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, the City denies that Plaintiffs are entitled to relief, and further denies that any plaintiff is entitled to relief.

66.     The City denies any and all allegations not expressly admitted herein to which a response is deemed required.

## THIRD DEFENSE

67.     Plaintiffs' claims are not ripe for adjudication, and/or are moot.

## FOURTH DEFENSE

68.     The City gives notice that it may rely on the defense that one or both Plaintiffs lacks standing.

## FIFTH DEFENSE

69.     Declaratory and/or injunctive relief is not warranted as against the City.

## SIXTH DEFENSE

70.     Plaintiffs' claims may be barred by the applicable statute of limitations.

## SEVENTH DEFENSE

71.     The City gives notice that it may rely upon the affirmative defense that Plaintiffs failed to mitigate their damages, if any.

## EIGHTH DEFENSE

72.     The City intends to rely on the defense that any and all defendants have immunity.

## NINTH DEFENSE

73.     The City intends to rely on the defense that each cause of action must fail against any and all defendants because they were fulfilling their duties as provided by law.

## TENTH DEFENSE

74.     The City intends to rely on the defense that its employees acted at all times in good faith, without malice, or within the scope of their duties as employees of the City.

## ELEVENTH DEFENSE

75.     The City is not liable under the theory of respondent superior, as such theory is inapplicable to actions brought under 42 U.S.C. § 1983, and any allegedly improper actions of an individual cannot be attributed to the City.

## TWELFTH DEFENSE

76.     If the City employee or officer is immune from liability, then the

employee's employer, the City and County of Honolulu, is likewise immune from liability.

THIRTEENTH DEFENSE

77.     The City is not responsible to Plaintiffs under any theory of imputed or vicarious liability.

FOURTEENTH DEFENSE

78.     If it is determined that any employee, agent, servant, appointee, or representative of the City was responsible for Plaintiffs' injuries and damages, if any, such individual's or individuals' alleged acts were justifiable under the applicable law and facts of this case.

FIFTEENTH DEFENSE

79.     The City is not liable for Plaintiffs' alleged injuries and/or damages on the basis of the employees' absolute and/or qualified immunity.

SIXTEENTH DEFENSE

80.     The City did not have any policy, action, custom, rule, or practice which resulted in the alleged deprivation of Plaintiffs' constitutional rights or other rights.

SEVENTEENTH DEFENSE

81.     Plaintiffs' allegations are not the proper subject of an action under 42 U.S.C. § l983 as there was no state statute, ordinance, regulation, custom, policy,

practice or usage that violated Plaintiffs' civil rights.

## EIGHTEENTH DEFENSE

82.     The City did not violate Plaintiffs' rights under the Second

Amendment to the United States Constitution, the Fourteenth Amendment to the

United States Constitution, any other constitutional provision, any provision of the

Hawaiʻi Constitution, 42 U.S.C. § 1983, or any statute, ordinance, law, regulation,

rule, or other source of law.

## NINTEENTH DEFENSE

83.     Plaintiffs' rights, privileges, and immunities secured under the laws

and constitutions of the United States and the State of Hawaiʻi have not been

violated by any alleged action or inaction of the City.

## TWENTIETH DEFENSE

84.     The City is not liable based on the acts and omissions of its officers or

agents in performing or failing to perform a discretionary function or duty.

## TWENTY-FIRST DEFENSE

85.     The City gives notice that it may rely on the defenses of estoppel,

laches, waiver, claim preclusion, issue preclusion, and law of the case.

## TWENTY-SECOND DEFENSE

86.     The City and all its employees or agents acted lawfully and properly

in the execution of its/their duty.

## TWENTY-THIRD DEFENSE

87.    Plaintiffs have failed to name one or more indispensable parties.

## TWENTY-FOURTH DEFENSE

88.    Plaintiffs' alleged injuries were sustained as a result of their own or another third-party's wrongful and/or illegal act

## TWENTY-FIFTH DEFENSE

89.    The City was not a substantial factor in causing any damages as may be alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

90.    The City reserves all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend its Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

## TWENTY-SEVENTH DEFENSE

91.    Plaintiffs have failed to provide timely notice of their claims in accordance with HRS § 46-72, and, as a result, they are barred.

## TWENTY-EIGHTH DEFENSE

92.    The City is not liable for the alleged injuries and/or damages to Plaintiffs on any and all claims based on their alleged failure to adequately enforce

statutes, ordinances, rules, regulations and/or any other applicable law.

## TWENTY-NINTH DEFENSE

93.     The City gives notice that it may rely on the defense of unclean hands.

## THIRTIETH DEFENSE

94.     The City did not violate or attempt to violate Plaintiffs' rights – to the extent any claimed rights exist – under the United States Constitution; any provision of the Hawai'i Revised Statutes or Hawai'i Constitution; any provision of the Hawai'i Administrative Rules; any provision of the Revised Charter of the City and County of Honolulu; any provision of the Revised Ordinances of Honolulu; any provision of the Administrative Rules of the City and County of Honolulu; 42 U.S.C. § 1983; and/or any other constitutional provision, law, rule, regulation, or other source of authority cited by and/or relied upon by Plaintiffs in their Complaint.

## THIRTY-FIRST DEFENSE

95.     Plaintiffs were not injured and did not suffer any damages.

WHEREFORE, the City respectfully requests as follows:

1.      That the Court dismiss Plaintiffs' Complaint with prejudice and enter judgment in favor of Defendant forthwith;

2.      That the Court award the City all fees and costs recoverable herein;

3.      That the Court grants all further relief in law and equity to which the

City is entitled.

DATED:  Honolulu, Hawai'i, July 11, 2024.

DANA M.O. VIOLA
Corporation Counsel

By   /s/ *Daniel M. Gluck*
      DANIEL M. GLUCK
      Deputy Corporation Counsel

      Attorney for Defendant
      CITY AND COUNTY OF HONOLULU