IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN TERRY and MICHAEL A. COBB, JR., <br><br><br> Plaintiffs, <br><br> vs. <br><br><br> CITY AND COUNTY OF HONOLULU, <br><br><br> Defendant. | CIVIL NO. 24-00248-JAO-RT <br><br><br> ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

Plaintiffs John Terry and Michael A. Cobb, Jr. ("Plaintiffs") commenced this action against Defendant City and County of Honolulu ("Defendant") on June 8, 2024 and filed a First Amended Complaint ("FAC") on June 26, 2024.  ECF Nos. 1, 19.

Defendant filed a Motion for Judgment on the Pleadings on August 8, 2024, ECF No. 27 ("Motion"), which Plaintiffs opposed, ECF No. 29.  The Court held a hearing on the Motion on October 4, 2024.  *See* ECF No. 31.  On October 15, 2024, the Court issued an Order Granting the Motion, which dismissed the FAC

with leave to amend.  *See* ECF No. 35.  The Court imposed a deadline of November 12, 2024 to file an amended complaint.  *See id.* at 23.

To date, Plaintiffs have not filed an amended complaint.  Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In view of Plaintiffs' violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors

dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendant, as the Court granted its Motion.  Finally, there are no less drastic alternatives available at this time.  This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

<u>CONCLUSION</u>

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:     Honolulu, Hawai'i, November 20, 2024



Jill A. Otake
United States District Judge

CIV. NO. 24-00248 JAO-RT, *Terry, et al. v. City and County of Honolulu*; Order Dismissing Action